UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00103-GNS-HBB

HUNTER PORTER                                                                                          PLAINTIFF

v.

SUVAD BOSNIC et al.                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 32). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I.     BACKGROUND

Plaintiff Hunter Porter ("Porter") alleges that Defendant Suvad Bosnic ("Bosnic") was driving a semitruck on Highway 127 in Russel County, Kentucky, when Bosnic missed a turn and stopped suddenly in the middle of the highway. (Compl. ¶¶ 13-14, DN 1-1). Porter, who was driving a car on Highway 127, crashed into the back of semitruck. (Compl. ¶¶ 12, 15). Porter alleges that the semitruck did not have operational brake lights, turn signals, or taillights to notify other drivers that the semitruck was stopping. (Compl. ¶ 14). Porter also alleges that Bosnic was an employee or agent of Defendants Sarajevo Trucking, LLC ("Sarajevo Trucking") and Dino's Trucking, Inc ("Dino's Trucking"). (Compl. ¶¶ 18-19).

Porter brought this action in Russell Circuit Court (Kentucky), asserting a negligence claim against Bosnic and against Sarajevo Trucking and Dino's Trucking under a theory of *respondeat superior*. (Compl. ¶¶ 18-22). He also asserted a claim against Sarajevo Trucking and Dino's Trucking for negligent hiring, training, and supervision. (Compl. ¶¶ 23-24). Defendants Bosnic and Sarajevo Trucking timely removed the case to this Court. (Notice Removal 1, DN 1).

The Court's scheduling order in this case set a fact discovery deadline of September 16, 2024, and a dispositive motion deadline of February 17, 2025. With fact discovery still ongoing and the dispositive motion deadline months in the future, Dino's Trucking now moves for summary judgment on the claims against it. (Def.'s Mem. Supp. Mot. Summ. J. 2, DN 32-1 [hereinafter Def.'s Mem.]).

## II.     JURISDICTION

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

## III.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party does so by citing to record evidence or showing that the record evidence lacks certain information that is necessary to the nonmoving party's position. *See* Fed. R. Civ. P. 56(c). If the moving party meets that burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" which requires more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted).

Summary judgment may only be granted if the parties have had a sufficient opportunity to conduct discovery. *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Under Fed. R. Civ. P. 56(d), a nonmovant may show "by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition," in which case, the court may defer consideration or deny the motion, allow time for discovery, or issue some other appropriate order. "[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's [Rule 56(d)] affidavit and request or on the court's own initiative without an explicit request from the opposing party." *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

## IV.     DISCUSSION

Dino's Trucking argues that it cannot be responsible for Bosnic's actions because Bosnic is neither its employee nor agent, nor does it own the semitruck that Bosnic was driving. (Def.'s Mem. 3-7). Dino's Trucking states that it was likewise not responsible for hiring, training, or supervising Bosnic. (Def.'s Mem. 3-7). Porter responds that the motion is premature because discovery is still ongoing, and he requests more time to develop his case. (Pl.'s Resp. Def.'s Mot. Summ. J. 6-7, DN 35 [hereinafter Pl.'s Resp.]). Dino's Trucking asserts that Porter's request should be denied because Porter has not met the requirements of Rule 56(d) because he has not filed an affidavit explaining what additional discovery he requires. (Def.'s Reply Mot. Summ. J. 5-6, DN 36).

As the Sixth Circuit has explained, however, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Moore v. Shelby Cnty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017)). A party may do so in response to a motion for summary judgment, and, if so, they need not file an affidavit because "[m]aking the arguments once is enough." *Id.* (alteration in original) (quoting

*Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 628 (6th Cir. 2002)). Indeed, requiring a party to repeat them "would unduly exalt form over substance." *Id.*

Porter has explained his need for additional discovery to determine whether Dino's Trucking owned the semitruck Bosnic was driving and whether Bosnic was an agent of Dino's Trucking, which are the two arguments underlying Dino Trucking's motion. (Pl.'s Resp. 3-4, 6-7). The semitruck was clearly marked with Dino's Trucking branding, and Porter has uncovered a Trailer Interchange Agreement between Dino's Trucking and Sarajevo Trucking. (Pl.'s Resp. Def.'s Mot. Summ. J. Ex. A (PageID # 144-55), DN 35-1; Pl.'s Resp. Def.'s Mot. Summ. J. Ex. C (PageID # 165-78), DN 35-3). Porter is entitled to the opportunity to continue to develop his case, and, more specifically, to discover whether those facts bear on the semitruck's ownership and Bosnic's relationship with Dino's Trucking. Accordingly, Dino Trucking's motion is denied as premature. *See Marrero-Perez v. Yanfeng US Auto. Interior Sys. II LLC*, No. 3:21-CV-645-RGJ, 2024 WL 386201, at *4 (W.D. Ky. Jan. 31, 2024) (denying as premature a motion for summary judgment submitted before the close of discovery).

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 32) is **DENIED WITHOUT PREJUDICE**.

*[Signature]*

Greg N. Stivers, Chief Judge
United States District Court

June 24, 2024

cc:   counsel of record