UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-000103-GNS-HBB

**HUNTER PORTER**                                                                                                       **PLAINTIFF**

**VS.**

**SUVAD BOSNIC, et al.**                                                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion by Defendants Suvad Bosnic and Sarajevo Trucking, LLC, for authorization to obtain Plaintiff Hunter Porter's confidential substance abuse treatment records (DN 58). Plaintiff responded in opposition at DN 59 and moving Defendants have replied at DN 60.[1] The parties have also moved for leave to file their motions under seal at DN 57, 61, and 62.

### Nature of the Case

On July 19, 2021, Porter was driving a vehicle on Highway 127 in Russell County (DN 1-1, p. 3). He contends Bosnic was operating a semi tractor-trailer on the highway, missed a turn, and came to a sudden stop in the roadway (*Id.*). He further contends Bosnic did not have properly working brake lights, turn signals, or trailer lights which would have warned him that the vehicle was stopped in the roadway and, as a consequence, Porter struck Bosnic's trailer in the rear (*Id.*).

---

[1] The parties' pleadings bear captions identifying the presiding judges as "Judge: Hon. Greg N. Stivers" and "Magistrate: H. Brent Brennenstuhl." There is no position of magistrate in the federal court system. Over thirty years ago, Congress changed the title "United States Magistrate" to "United States Magistrate Judge." Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States Magistrate . . . shall be known as a United States Magistrate Judge."). This reflects the elevation of the position to that of a full federal judge. Just as one would not refer to a district judge as "District" or a bankruptcy judge as "Bankruptcy," "magistrate" refers to jurisdiction, not title. While no offense was intended or taken, the correct title is "Magistrate Judge" or simply "Judge."

Porter asserts that he sustained serious physical injuries in the collision, including a liver laceration, a closed fracture of the right tibial plateau, contusions to both lungs, and fractured ribs and sternum (*Id.* at pp. 3-4). Porter joined Sarajevo Trucking and Dinos Trucking, Inc. in the action under the doctrine of *respondeat superior*, contending that Bosnic was their employee or agent (*Id*. at pp. 4-5).

Protection of Substance Abuse Treatment Records

Defendants believe Porter received substance abuse treatment from Spero Health of Kentucky, LLC, and seek an order from the Court authorizing disclosure of those records (DN 58, pp. 1-2).

The Public Health Service Act governs disclosure of medical records relating to the treatment of drug and alcohol patients in programs receiving federal funding. 42 U.S.C. § 290dd-2(a). Unless the patient consents, the records can only be released by order of a court of competent jurisdiction granted after an application showing good cause. 42 U.S.C. § 290dd-2(b)(1)-(2).

> The court is to "weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services" when assessing "good cause." 42 U.S.C. § 290dd-2(b)(2)(C). Regulations associated with the Public Health Act add that "good cause" also requires that "[o]ther ways of obtaining the information are not available or would not be effective . . . ." 42 C.F.R. § 2.64(d)(1). The party seeking disclosure bears the burden to establish good cause. *United States v. Cresta*, 825 F.2d 538, 552 (1st Cir. 1987).

*Ricchuite v. Johnson*, No. 1:14-CV-104-GNS-HBB, 2015 U.S. Dist. LEXIS 128882, at *5-6 (W.D. Ky. Sept. 24, 2015). Moreover, before a court may order disclosure of "confidential communications" made to program staff, the court must find that the circumstances satisfy one of three of criteria: one of which is implicated in this case where "the disclosure is in connection with a civil, criminal, administrative, or legislative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications." 42 C.F.R. §

2.63(a)(3); *see also Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2024 U.S. Dist. LEXIS 56208, at *14-15 (W.D. Ky. Mar. 28, 2024) (referencing an older version of the same statute but the statute is substantively the same).  Should the court determine that disclosure is appropriate, the court must "impose appropriate safeguards against unauthorized disclosure" including limiting the disclosure to that which is essential, limiting the persons who can access the information to those with a need to know, and any other measures necessary to protect the patient and physician-patient relationship, such as sealing.  42 U.S.C. § 290dd-2(b)(2)(C); 42 C.F.R. § 2.64(e).

Defendants' Motion

Defendants seek "all intake assessments, progress notes, toxicology reports and discharge summaries for the period of January 1, 2018 to the present" (DN 58, p. 3).  They state "the records are necessary to determine the extent and nature of Hunter Porter's substance abuse use during the period relevant to the motor vehicle accident, which directly impacts the issues of negligence and causation" (*Id.*).  They propose that the disclosure be limited to those items listed above, and access be restricted to counsel for the parties, the Court, and expert witnesses (*Id.* at pp. 4-5).

Plaintiff's Response

Porter contests that Defendants have demonstrated good cause to obtain the records, having only offered conclusory statements rather than any evidence (DN 59, pp. 5-6).  He observes that, while there is a public interest in preventing impaired driving, Defendants have offered no evidence that he was driving impaired at the time of the accident on July 19, 2021 (*Id.*).  Moreover he asserts that, if he was in fact impaired, Defendants can establish that through means other than treatment records predating and postdating the accident by years (*Id.*).

In the alternative, in the event the Court is persuaded that the Defendants have demonstrated good cause, Porter proposes that the Court first order him to produce the records for

*in camera* review to determine if they have any relevance to Defendants' defenses on negligence and causation (*Id.* at pp. 2-3). This, he contends, will allow ensure the protection of his privacy interests and preserve the integrity of the physician-patient relationship (*Id.*).

Defendants' Reply

Defendants do not argue the relevance of the requested documents is to establish whether Porter was driving impaired at the time of the accident (DN 60, pp. 2-3). Instead, Defendants argue the information is relevant to his testimony that his injuries drove him to seek relief in methamphetamine and to which he became addicted (*Id.*).

He testified at his deposition that, before the accident, "I'd never done drugs before a day in my life" (DN 60-1, *see also* DN 60-2). and that he began self-medicating with methamphetamine due to pain, so that he could continue to work. "I got my living I got to take care of. And I just – I just ain't got time for the surgery that I need to have. But all that – the wreck and everything, it led me to do drugs" (DN 60-5). Porter was convicted of possession of methamphetamine (DN 60, p. 2). When confronted with medical records reflecting a history of using methamphetamine and other drugs before the accident, Porter disputed the accuracy of the records as being reported by his parents who were unreliable historians due to their use of narcotics (DN 60-6, DN 60-7, DN 60-12). He denied any treatment for drug addiction predating the accident (DN 60-4). When presented with other medical records predating the accident indicating that he had been a patient at a suboxone clinic, he attributed the treatment to a drinking problem, rather than a controlled substance (DN 60-16). Other medical records, however, indicate Porter "admitted to mixing an upper and a downer, Suboxone and meth" (DN 60-12). Defendants contend that by "asserting that his post-accident drug use was a direct result of the crash and simultaneously denying drug use despite contradictory medical records, Mr. Porter has unequivocally placed his substance abuse

4

history at the very center of his claims for damages" (DN 60, p. 6). Defendants also reject Porter's argument that an *in camera* review of the documents can serve to balance the parties' interests (*Id.* at pp. 6-7). Defendants characterize the inconsistencies in Porter's testimony as not reflecting isolated factual disputes, but rather "a pervasive pattern woven throughout his narrative concerning his health and substance abuse" such that a partial review of redacted information would be insufficient (*Id.*).

Discussion

This case bears similarity to the issues Magistrate Judge Lindsay addressed in *Schnatter,* 2024 U.S. Dist. LEXIS 56208. There, Plaintiff's alleged alcoholism was at issue in the case and Defendant sought access to treatment records after Plaintiff testified that he did not receive substance abuse treatment, did not abuse alcohol, and was not admitted to the facility for rehabilitation. *Id*. at *25. Judge Lindsay concluded that the facts of Plaintiff's substance abuse were "presently unsettled" and the discovery was relevant to Plaintiff's claims and for the purposes of impeachment and credibility. *Id.* at *27-28. Judge Lindsay additionally found that Defendant had no other means available to explore the details surrounding the substance abuse. *Id.* at *28. Moreover, Plaintiff had opened the door to the admission of confidential communications by his "one sided testimony denying [alcohol] use at the time [of the events at issue in this action]." *Id.* at *29 (quoting *Fannon v. Johnston*, 88 F. Supp. 2d 753, 763 (E.D. Mich. 2000). Defendants were not required to accept as true his denial of treatment or substance abuse. *Id.* (citing *Hughes v. City of Louisville*, No. 3:02-CV-60-S, 2005 U.S. Dist. LEXIS 52460, at *8 (W.D. Ky. Jan. 26, 2005)).

The same findings apply here. Porter has testified that the accident was the sole cause of his use and addiction to methamphetamine (*See* DN 60-5). Porter's drug addiction is not secret—he was convicted of possession of methamphetamine and has testified that he became addicted to

methamphetamine because of pain from his accident injuries (*See, e.g., id.*).  He has also testified that, before the accident, he never used any drugs and his Suboxone treatment was solely related to alcohol abuse (DN 60-16).  The circumstances of his addiction are relevant to his claims for damages and Defendants' defenses.  *See Hughes*, 2005 U.S. Dist. LEXIS 52460, at *8 (Plaintiff could not deny the defense an opportunity to discovery highly relevant evidence that could undermine the credibility of her testimony concerning her drug use).  He has thus placed into contention any confidential communications he may have made to a program's staff about his use of drugs.  *See Schnatter,* 2024 U.S. Dist. LEXIS 56208, at *30 (Plaintiff "offered" testimony when discussing treatment at deposition even if responding to a question from opposing counsel).

It is true that Defendants seek documents from an expansive time frame; however, Porter testified that he *never* used any drug before the accident, and that his use post-dating the accident was *solely* the result of pain from the accident and his need to continue working (DN 60-4, DN 60-5).  As such, Defendants do not seek to cast an excessively broad net.  Good cause has been demonstrated as there are no other means whereby Defendants can reasonably obtain the information and the need for disclosure outweighs any risk to Porter, his relationship with his physician, or the treatment services.  The undersigned concurs with Defendants that this situation is not one amenable to an *in camera* review of Porter's records, as the context of his history, diagnosis and treatment must be considered as a whole in determining the veracity of his claims in this action.  Defendants' motion to order Spero Health of Kentucky, LLC, to disclose Porter's medical records for substance abuse treatment to the Defendants is granted.

Motions to Seal

The parties have moved that their pleadings related to the subject motion be sealed in the record (DN 57, DN 61, DN 62).  Trial courts have discretion to seal their records in certain limited

circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474-75 (6th Cir. 1983). "The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Courts have long recognized a "strong presumption in favor of openness as to court records," and the party seeking to seal records has the burden of overcoming that presumption. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). This burden is heavy, and only "the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citing *Knoxville News-Sentinel Co.*, 723 F.2d at 476)). However, "[s]tatutes that require courts to maintain information in confidence are typically enough to overcome the presumption of access." *Schnatter v. 274 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2024 U.S. Dist. LEXIS 210982, at *13 (W.D. Ky. Nov. 20, 2024). The parties argue that the records Defendants seek to discover are subject to stringent confidentiality protections under 42 U.S.C. § 290dd-2 and its implementing regulations at 42 C.F.R. Part 2. Section 290dd-2 provides:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance use disorder education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

42 U.S.C. § 290dd-2(a). "Federal regulations define records as 'any information, whether recorded or not, created by, received, or acquired by a part 2 program relating to a patient.'" *Schnatter*, 2024 U.S. Dist. LEXIS 210982, at *14 (quoting 42 C.F.R. § 2.11). None of the information or records submitted by the parties, either in the pleadings or supporting exhibits, are "records" under the statute, as they were not created by a part 2 program relating to a patient for substance abuse treatment. *See id.* For this reason, the motions to file the pleadings under seal as a whole are

7

denied.  However, FED. R. CIV. P. 5.2 provides that designated personally-identifying information is not to be filed of record.  DN 60-8 at pages 15, 17-22, and DN 60-14 contain such information.

**WHEREFORE**, Defendants Sarajevo Trucking, LLC, and Suvad Bosnic having demonstrated good cause for the disclosure of confidential substance abuse disorder treatment records of Plaintiff Hunter Porter, the motion (DN 58) is **GRANTED** and, consistent with 42 C.F.R. § 2.64, Spero Health of Kentucky, LLC is **AUTHORIZED** to disclose to counsel for Defendants Sarajevo Trucking, LLC, and Bosnic all intake assessments, progress notes, toxicology reports, and discharge summaries pertaining to Hunter Porter for the period January 1, 2018, to the present.

The records so disclosed shall be used solely in conjunction with this litigation.  Defendants shall provide Porter's counsel copies of the records produced pursuant to this Order.  Access to the records produced shall be limited to counsel for the parties and any experts retained to consult or offer testimony relevant to the subject of the records.  All individuals receiving these records shall be informed of their confidential nature and the restrictions on their use and redisclosure. Upon the conclusion of this litigation, including any appeals, all copies of the disclosed records shall either be returned to Spero Health of Kentucky, LLC, or destroyed, with certification of destruction provided to Spero Health of Kentucky, LLC, and the Court.  Should a party desire to use any record so produced as an exhibit in support of a motion, such exhibits shall be filed under seal.

**FURTHER**, the motions at DN 57, DN 61, and DN 62 to seal the pleadings at DN 58, DN 59, and DN 60 are **DENIED**, with the exception of the exhibits at DN 60-8, pages 15, 17-22, and DN 60-14, which the Clerk is directed to maintain under seal.  All other portions of DN 58, DN 59, and DN 60 are **UNSEALED**.  Defendants shall file redacted copies of the exhibits ordered sealed.

H. Brent Brennenstuhl
United States Magistrate Judge

August 13, 2025

Copies:  Counsel